CONSUMER LAW OFFICE OF WILLIAM E. KENNEDY
WILLIAM E. KENNEDY (CSB #158214)
(wkennedy@kennedyconsumerlaw.com)
2797 Park Avenue, Suite 201
Santa Clara, CA  95050
(408) 241-1000 -TEL
(408) 241-1500 – FAX

LAW OFFICE OF TYLER S. HINZ
TYLER S. HINZ (CSB #280612)
(Tyler.Consumer@gmail.com)
2797 Park Ave, Suite 201
Santa Clara CA, 95050
(408)218-6665-Tel


Attorneys for Plaintiff MINNIE CALAIS

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MINNIE CALAIS, an individual<br><br>            Plaintiff,<br>      vs.<br><br>PRICE-SIMMS FORD LLC dba FORD LINCOLN FAIRFIELD, a limited liability corporation; BANK OF AMERICA N.A., a corporation; BANK OF THE WEST, a corporation; FORD MOTOR CREDIT COMPANY LLC dba LINCOLN AUTOMOTIVE FINANCIAL SERVICES a limited liability corporation.<br>            Defendants. | Case No.:<br><br>**COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681 et seq.; CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT, CIVIL CODE §1785 et seq.**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. This is an action brought by MINNIE CALAIS to redress Defendants PRICE-SIMMS FORD LLC dba FORD LINCOLN FAIRFIELD, BANK OF AMERICA NATIONAL ASSOCIATION, BANK OF THE WEST, and FORD MOTOR CREDIT COMPANY LLC dba LINCOLN AUTOMOTIVE FINANCIAL SERVICES violations of the Fair Credit

Reporting Act, 15 U.S.C. § 1681 et seq. and the California Consumer Credit Reporting Agencies Act, Civil Code § 1785 et seq. Ms. Calais went to the Lincoln Automotive Financial Services website to apply for a loan. She was approved for a loan but elected not to take it since she considered the interest rate to be high. Price-Simms Ford said that they could get her a lower rate if she came to the dealership and filled out a credit application. She declined to do so. About two weeks later, Price-Simms Ford informed her that she had been approved for a lower interest rate. Ms. Calais went through her consumer credit reports and discovered that Price-Simms Ford, Bank of America, Bank of the West, and Lincoln Financial Services had all requested a copy of her credit report. She did not grant these entities permission to access her consumer credit report.

## PARTIES

2. Ms. Calais is a natural person who resides in Sacramento CA, in Sacramento County.

3. Ms. Calais is a "consumer" as defined by 15 U.S.C. § 1681a(c).

4. At all material times, PRICE-SIMMS FORD LLC dba FORD LINCOLN FAIRFIELD, Defendant (hereinafter "PSF") was a LLC engaged in the business of selling automobiles.

5. At all material times, BANK OF AMERICA, NATIONAL ASSOCIATION, Defendant (hereinafter "Bank of America") was a national association with its principle place of business in Charlotte, North Carolina.

6. At all material times, BANK OF THE WEST, Defendant was a California banking corporation with its principle place of business in San Francisco, California.

7. At all material times, FORD MOTOR CREDIT COMPANY LLC, dba LINCOLN AUTOMOTIVE FINANCIAL SERVICES, Defendant was a LLC with its principle place of business in Dearborn, Michigan.

## FACTUAL ALLEGATIONS

8. Around May or June of 2012, Ms. Calais went to the Lincoln Automotive Financial Services website to get approved for a loan.

9. Shortly thereafter, Ms. Calais was approved for a loan.

10. Ms. Calais was then either contacted by PSF, or she contacted them regarding her loan approval. PSF offered her an interest rate of 4.9%.

11. Ms. Calais informed PSF that she thought she could do better than what they offered. PSF then stated that they may be able to offer her a lower rate if she traveled to the dealership and filled out a credit application. She declined to do so.

12. About two weeks later, Ms. Calais received a phone call from PSF stating that she had been approved for a lower interest rate.

13. Ms. Calais then checked her consumer credit reports to see if there had been any unusual activity.

14. Ms. Calais' credit reports indicated that PSF requested a copy of her credit report on July 20, 2012. Ms. Calais did not give permission to PSF to request a copy of her credit report.

15. Ms. Calais' consumer credit report also shows that Lincoln Automotive Financial Services request a copy of her credit report on July 20, 2012. Ms. Calais did not grant Lincoln Automotive Finacial Services permission to request a copy of her credit report.

16. Her consumer report also indicates that Bank of America and Bank of the West requested copies of her consumer credit report on July 20, 2012. Ms. Calais did not, nor has she ever granted Bank of America or Bank of the West permission to request a copy of her credit report.

//

# FIRST CAUSE OF ACTION
### (Violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.)

17. Plaintiff incorporates all other paragraphs as though fully set forth herein.

18. Defendants' violated 15 U.S.C. § 1681q by knowingly and willfully obtaining information on a consumer from a consumer reporting agency under false pretenses.

19. Defendants' violated 15 U.S.C. § 1681n(a)(1)(B) by obtaining a consumer report under false pretense or knowingly without a permissible purpose.

20. Plaintiff is informed and believes that the violation of 15 U.S.C. §1681et seq. by Defendants was willful. In the alternative, plaintiff is informed and believes that the violation of 15 U.S.C. §1681et seq. by Defendants was negligent.

21. As a result of Defendants' violations of the Fair Credit Reporting Act, plaintiff was damaged.

# SECOND CAUSE OF ACTION
### (Violation of California Consumer Credit Reporting Agencies Act: Civil Code § 1785.25(a))

22. Plaintiff incorporates all other paragraphs as though fully set forth herein.

23. Defendants' violated Civil Code § 1785.19(a)(1) by knowingly and willfully obtaining access to a file in a manner not provided for in § 1785.11.

24. Plaintiff is informed and believes that the violation of Civil Code § 1785.25(a) by Defendants were willful and in accordance with defendants' standard business procedures. In the alternative, plaintiff is informed and believes that the violation of Civil Code § 1785.25(a) by Defendants' were negligent.

25. As a result of defendants' violation of the California Consumer Credit Reporting Agencies Act, plaintiff was damaged.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for judgment against defendants and relief as follows:

1. For actual damages, including emotional distress damages caused by Defendants' obtaining Plaintiff's consumer report through false pretenses or knowingly without permission, pursuant to 15 U.S.C § 1681o(a)(1), Civil Code § 1785.31(a)(2)(A) and § 1785.31(a)(1);

2. For statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(B) and Civil Code § 1785.19(a)(1) for obtaining a consumer report under false pretenses or knowingly without a permissible purpose;

3. For punitive damages for Defendants' willful misconduct pursuant to 15 U.S.C. §1681n(a)(2) and Civil Code § 1785.31(a)(2)(B);

4. For reasonable attorneys and costs pursuant to 15 U.S.C. § 1681o(a)(2) and Civil Code §1785.31(a)(1), and §1785.31(d); and

5. For such other and further relief as the court deems just and proper.

Dated: August 31, 2012

Respectfully Submitted,
LAW OFFICE OF TYLER S. HINZ
CONSUMER LAW OFFFICE OF WILLIAM E. KENNEDY

By: /s/ William E. Kennedy
William E. Kennedy
Attorneys for Plaintiff MINNIE CALAIS

**DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands a trial by jury in this action.

Dated: August 31, 2012

LAW OFFICE OF TYLER S. HINZ
CONSUMER LAW OFFICE OF WILLIAM E. KENNEDY

By: /s/ William E. Kennedy
William E. Kennedy
Attorneys for Plaintiff MINNIE CALAIS