Andrew V. Stearns, SBN 164849
Robert B. Robards, SBN 166855
Gaurav D. Sharma, SBN 269123
**BUSTAMANTE & GAGLIASSO, APC**
River Park Tower
333 W. San Carlos St., 8th Floor
San Jose, California  95110
Telephone: (408) 977-1911
Facsimile: (408) 977-0746
astearns@boglawyers.com
gsharma@boglawyers.com

Attorneys for Defendants:
PRICE-SIMMS FORD LLC dba
FORD LINCOLN FAIRFIELD;
BANK OF AMERICA, N.A.; and
BANK OF THE WEST

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

* * *

| | |
|---|---|
| MINNIE CALAIS, an individual | Case No. 2:12-CV-02283-MCE-AC |
| Plaintiffs, | **BANK OF AMERICA, N.A.'S ANSWER TO COMPLAINT** |
| vs. | |
| PRICE-SIMMS FORD LLC dba FORD LINCOLN FAIRFIELD, a limited liability corporation; BANK OF AMERICA, N.A., a corporation; BANK OF THE WEST, a corporation; FORD MOTOR CREDIT COMPANY LLC dba LINCOLN AUTOMOTIVE FINANCIAL SERVICES, a limited liability corporation, | Complaint Filed: September 6, 2012 |
| Defendant. | |

COMES NOW DEFENDANT BANK OF AMERICA, N.A. and in answer to the Complaint of MINNIE CALAIS admits, denies, and alleges as follows:

1. In answering paragraph 1 of the Complaint, answering defendant admits that this is an action brought by plaintiff; denies the portions of this paragraph relating to violations by defendant; and is without sufficient knowledge or information to admit or deny the truth of the allegations relating to

1    the actions taken by plaintiff and therefore denies these allegations.

2       2.  In answering paragraph 2 of the Complaint, answering defendant is without sufficient
3    knowledge and information to form a belief as to the truth of the allegations contained in said
4    paragraph, and on that basis, denies each and every allegation contained therein.

5       3.  In answering paragraph 3 of the Complaint, answering defendant is without sufficient
6    knowledge and information to form a belief as to the truth of the allegations contained in said
7    paragraph as it calls for a legal conclusion, and on that basis, denies each and every allegation
8    contained therein.

9       4.  In answering paragraph 4 of the Complaint, answering defendant is without sufficient
10   knowledge and information to form a belief as to the truth of the allegations contained in said
11   paragraph as it calls for a legal conclusion, and on that basis, denies each and every allegation
12   contained therein.

13      5.  In answering paragraph 5 of the Complaint, answering defendant admits the allegations
14   contained therein.

15      6.  In answering paragraph 6 of the Complaint, answering defendant is without sufficient
16   knowledge and information to form a belief as to the truth of the allegations contained in said
17   paragraph as it calls for a legal conclusion, and on that basis, denies each and every allegation
18   contained therein.

19      7.  In answering paragraph 7 of the Complaint, answering defendant is without sufficient
20   knowledge and information to form a belief as to the truth of the allegations contained in said
21   paragraph, and on that basis, denies each and every allegation contained therein.

22      8.  In answering paragraph 8 of the Complaint, answering defendant is without sufficient
23   knowledge and information to form a belief as to the truth of the allegations contained in said
24   paragraph, and on that basis, denies each and every allegation contained therein.

25      9.  In answering paragraph 9 of the Complaint, answering defendant is without sufficient
26   knowledge and information to form a belief as to the truth of the allegations contained in said
27   paragraph, and on that basis, denies each and every allegation contained therein.

28      10. In answering paragraph 10 of the Complaint, answering defendant is without sufficient

knowledge and information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, denies each and every allegation contained therein.

11. In answering paragraph 11 of the Complaint, answering defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, denies each and every allegation contained therein.

12. In answering paragraph 12 of the Complaint, answering defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, denies each and every allegation contained therein.

13. In answering paragraph 13 of the Complaint, answering defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, denies each and every allegation contained therein.

14. In answering paragraph 14 of the Complaint, answering defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, denies each and every allegation contained therein.

15. In answering paragraph 15 of the Complaint, answering defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, denies each and every allegation contained therein.

16. In answering paragraph 16 of the Complaint, answering defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, denies each and every allegation contained therein.

17. In answering paragraph 17 of the Complaint, answering defendant incorporates by reference its responses to paragraphs 1 through 16 as thought set forth in full herein.

18. In answering paragraph 18 of the Complaint, answering defendant denies generally and specifically the allegations contained therein.

19. In answering paragraph 19 of the Complaint, answering defendant denies generally and specifically the allegations contained therein.

20. In answering paragraph 20 of the Complaint, answering defendant denies generally and specifically the allegations contained therein.

21. In answering paragraph 21 of the Complaint, answering defendant denies generally and specifically the allegations contained therein.

22. In answering paragraph 22 of the Complaint, answering defendant incorporates by reference its responses to paragraphs 1 through 21 as thought set forth in full herein.

23. In answering paragraph 23 of the Complaint, answering defendant denies generally and specifically the allegations contained therein.

24. In answering paragraph 24 of the Complaint, answering defendant denies generally and specifically the allegations contained therein.

25. In answering paragraph 25 of the Complaint, answering defendant denies generally and specifically the allegations contained therein.

## **AFFIRMATIVE DEFENSES**

This Answering defendant asserts the following distinct and separate affirmative defenses:

1. The Complaint, and each cause of action, has failed to set forth facts and allegations sufficient to constitute a cause of action against this answering defendant.

2. The Complaint, and each cause of action, is uncertain, vague, ambiguous, and unintelligible.

3. The alleged injuries or damages suffered by plaintiff, if any, were the sole and proximate result of the conduct of parties other than the answering defendant.

4. Plaintiff by her own acts, conduct and/or omissions, waived whatever rights she might have had based upon the allegations in the Complaint against defendant.

5. The Complaint, and each cause of action, is barred in that the damages allegedly suffered by plaintiff, if any, were caused by the superceding, intervening and/or independent negligent or intentional conduct of persons and entities, including plaintiff and her agents, servants and/or employees and were not the result of any act, conduct or omission of defendant.

6. Plaintiff at all times relevant to the Complaint was fully aware of all facts, matters and circumstances surrounding said matters and knowingly and voluntarily assumed the risk of injury and/or damages, if any there was.

7. Plaintiff authorized defendant to make a credit inquiry.

8. Defendant's actions were with express and/or implied authorization from plaintiff.

9. Defendant's acts did not constitute a violation of 15 U.S.C. §1681, et seq.

10. Defendant's acts did not constitute a violation of 15 U.S.C. §1681q.

11. Defendant's acts did not constitute a violation of 15 U.S.C. §1681n(a)((1)(B).

12. Defendant's acts did not constitute a violation of Civil Code §1785.19(a)(1).

13. Defendant's acts did not constitute a violation of Civil Code §1785.25.

14. Plaintiff has suffered no damages.

15. Plaintiff has failed to mitigate her damages, if any are proven, and therefore any recovery should be reduced by the amount she could have avoided or be barred altogether.

16. Plaintiff's claim is barred by the doctrine of equitable estoppel.

17. Plaintiff's claim is barred by the doctrine of unclean hands.

18. Plaintiff is not entitled to attorney fees.

19. Plaintiff has not described the claims in the Complaint with sufficient particularity and certainty to enable defendant to determine what additional defenses may be available to it. Defendant therefore reserves the right to assert all defenses which may be pertinent to, or arising from said Complaint, once the precise nature of such claims and causes of action are ascertained through discovery.

///

///

///

///

## PRAYER

WHEREFORE, this answering defendant prays as follows:

1. that plaintiff take nothing by way of the Complaint and the Complaint be dismissed with prejudice;
2. for costs of suit incurred herein;
3. for reasonable attorney fees; and
4. for such other and further relief as this Court deems just and proper.

DATED:    November 28, 2012         **BUSTAMANTE & GAGLIASSO, APC**
                                    **A Partner of BOG, LLC**


                                    By:        /S/
                                        ANDREW V. STEARNS, on behalf of defendants
                                        PRICE-SIMMS FORD LLD dba FORD
                                        LINCOLN FAIRFIELD; BANK OF AMERICA,
                                        N.A.; and BANK OF THE WEST